# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LAMAR E. FRENCH,

      Petitioner,

vs.                                                      No. CV 18-00285 MV/JHR

BETTY JUDD, WARDEN,

      Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* under Rule 41(b) of the Federal Rules of Civil Procedure on the Petition for Writ of Habeas Corpus filed by Petitioner Lamar E. French. (Doc. 1) The Court will dismiss the Petition without prejudice for failure to comply with a Court order and failure to prosecute.

The record reflects that certain mailings to Petitioner Lamar E. French were returned as undeliverable. (*see* Doc. 6, 8). It appears that Petitioner has been transferred or released from custody without advising the Court of his new address, as required by D.N.M. LR-Civ. 83.6, thus severing contact with the Court. The Court issued an Order to Show Cause on May 14, 2019, directing Petitioner French to notify the Court of a new address, or otherwise show cause why the case should not be dismissed, within 30 days of entry of the Order. (Doc. 7). More than 30 days has elapsed since entry of the Order to Show Cause and Petitioner French has not provided the Court with a new address, responded to the Court's Order, or otherwise shown cause why the case should not be dismissed.

Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman,* 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Petitioner French has failed to comply with D.N.M. LR-Civ. 83.6 and with the Court's May 14, 2019 Order to Show Cause.

Petitioner French has failed to comply with the Court's order and failed to prosecute this action by not keeping the Court apprised of his current address. The Court may dismiss an action under Rule 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes,* 333 F.3d 1199, 1204, n. 3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with the Court's Order and failure to prosecute this proceeding.

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) filed by Petitioner Lamar E. French and all claims in this case are **DISMISSED** without prejudice under Rule 41(b) for failure to comply with the Court's Order and failure to prosecute.

_____
UNITED STATES DISTRICT JUDGE